## IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE

GRACE CASTLE, a minor, by next ]
friend and mother, Jerelene Johnson; and ]
JERELENE JOHNSON, individually, ]
                              ]   **JURY DEMANDED**

    Plaintiffs ]

         -vs- ]   Civ. No: **CV005200**

WYNDHAM HOTELS AND RESORTS, LLC and ]
WYNDHAM VACATION RESORTS, INC. d/b/a ]   DATE FILED _____ 2-18 20 10
Wyndham Resort At Fairfield Glade, ]
                              ]   *Jany V. Shull*  PF

    Defendants. ]   Circuit Court Clerk

### COMPLAINT

Plaintiffs, GRACE CASTLE, a minor, by her next friend and mother, Jerlene Johnson, and JERELENE JOHNSON, individually, (collectively, the "Plaintiffs"), by and through counsel, for their complaint against defendants WYNHAM HOTELS AND RESORTS, LLC and WYNDHAM VACATION RESORTS, INC. d/b/a Wyndham Resort At Fairfield Glade, represent the following:

1.    Jurisdiction and venue are proper in this Court pursuant to Tenn. Code Ann. §§ 16-10-101 and 20-4-101(a).

2.    Grace Castle, is a two year old girl who lives with her mother, Jerelene Johnson, who is a citizen and resident of Virginia, having a principal place of residency at 306 Brown Street, Appalachia, VA 24216.

3.    Jerelene Johnson, the custodial parent of Grace Castle, is a citizen and resident of Virginia, having a principal place of residency at 306 Brown Street, Appalachia, VA 24216.

1

Case 2:10-cv-00037   Document 1-1   Filed 04/14/10   Page 1 of 11 PageID #: 5

4. Wyndham Hotels and Resorts, LLC is a Delaware corporation with principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. It can be served with process through its registered agent for service of process in Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

5. Wyndham Vacation Resorts, Inc. is a Delaware corporation with principal place of business located at 8427 S. Park Circle, Orlando, FL 32819. It can be served with process through its registered agent for service of process in Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

6. On March 21, 2009, Gary McDavid, Jr. and plaintiff Jerelene Johnson purchased a fractional share in Club Wyndham Plus Program, formerly known as FairShare Plus.

7. Plaintiff Jerelene Johnson and Gary McDavid entered into a purchase agreement to pay $12,600 for a fractional share in the program. At the time of purchase Johnson and McDavid placed a down payment of $3,212.25 and incurred a debt of $9,636.75 which, under the terms of the purchase agreement, requires Johnson and McDavid to make monthly payments in the amount of $245.53 at a rate of 17.99% for a term of sixty (60) months.

8. On July 31, 2009, plaintiff Johnson, McDavid. and the minor child, plaintiff Grace Castle, together with two other minor children, checked into the Wyndham Resort at Fairfield Glade for a family vacation.

9. Soon after arriving at the Wyndham Resort at Fairfield Glade, Plaintiff Johnson discovered that the minor child Grace had ingested one bottle of pesticide that had been left open in the bedroom of the suite to which the McDavid/Johnson family had been assigned.

2

10.    After discovering the poisoning of Grace, plaintiff Johnson found a second open bottle of the same pesticide sitting on the nightstand in the bedroom of the family's suite.

11.    McDavid called the front-desk of the resort to seek emergency services for Grace. After explaining the situation to an employee of the Wyndham Resort at Fairfield Glade, McDavid was asked if he was reporting an infestation of ants.    McDavid was subsequently informed that the resort employee answering his call for assistance would "have to get back" to him after speaking with her manager.

12.    Approximately five (5) minutes after reporting the poisoning of Grace plaintiff Johnson received a telephone call from the resort's front-desk stating that emergency medical services had been called and would arrive on scene within a few minutes.

13.    During the interval between ingesting the poison and the arrival of emergency medical services, Grace began experiencing labored breathing, developed a rash over her entire body, and became lethargic.

14.    Paramedics rushed Grace by ambulance to the Cumberland Medical Center in Crossville, Tennessee.    Plaintiff Johnson accompanied Grace in the ambulance and witnessed EMS personnel administer various and increasing levels of treatment to Grace.

15.    Prior to her poisoning, Grace had been diagnosed with respiratory illnesses, including chronic asthma with acute episodes requiring emergency medical intervention.

16.    In the months prior to her poisoning, the asthma suffered by Grace had responded well to treatment and her daily medication regime had been discontinued.

17.    As operators, managers, supervisors or employees Wyndham Resort at Fairfield Glade, Wyndham Hotels and Resorts, LLC, and Wyndham Vacation Resorts, Inc. d/b/a Wyndham Resort at Fairfield Glade owed Plaintiffs a reasonable duty of care under all

3

circumstances attendant to their status as paying guests at the Wyndham Resort at Fairfield Glade, including those circumstances involving the safe accommodations of minor children.

18. By using pesticide in a lodging environment Defendants owed Plaintiffs a reasonable duty of care to follow all warning labels included in or on the packaging of the pesticide, including the specific warning to: "Keep Out of Reach of Children".

19. By using pesticide in a lodging environment Defendants owed Plaintiffs a duty of care to follow all mandates of the Federal Insecticide, Fungicide and Rodenticide Act, as codified at 7 U.S.C. §136.

20. By using pesticide in a lodging environment Defendants owed Plaintiffs a reasonable duty of care to follow all mandates of agency regulations adopted by the Environmental Protection Agency, promulgated at 40 C.F.R. §165, et seq.

21. By using pesticide in a lodging environment Defendants owed Plaintiffs a reasonable duty of care to follow all rules, regulations and policies issued by or adopted by the Tennessee Department of Agriculture, Tennessee Occupational Health and Safety Administration, and other state, county and local agencies regulating the use of pesticides in a facility open to members of the public.

22. By using pesticides in a lodging environment Defendants owed Plaintiffs a reasonable duty of care to post warning or otherwise inform guests of the Wyndham Resort at Fairfield Glade that pesticides were being used and the possibility of harm to guests from the use of said pesticide.

23. The culpable conduct of the Defendants, as set forth hereinabove, amount to actionable negligence. The Defendants' acts of negligence include the following:

4

a. Failure to adhere to the warning label posted on the pesticide container;

b. Failure to adhere to the laws of the United States, e.g., 7 U.S.C. §136, et seq.; and,

c. Failure to adhere to the regulations promulgated by the Environmental Protection Agency, 40 C.F.R. §165, et seq.

d. Failure to adequately train or educate their agents and employees in the proper, lawful, and acceptable use, storage and control of pesticides.

e. Failure to keep pesticides out of the reach of children;

f. Failure to maintain current Material Safety Data Sheets on all toxic, poison, or other harmful chemicals used or stored at the Wyndham Resort at Fairfield Glade; and,

g. Failure to adopt, implement and adhere to a formal policy of inventory control and safe use of pesticides at the Wyndham Resort at Fairfield Glade.

24. The Defendants are also guilty of negligent infliction of emotional distress.

25. As a direct and proximate result of her poisoning, the minor child Grace experienced labored breathing, exanthema and lethargy.

26. As a direct and proximate result of her poisoning, the minor child Grace experienced physical and mental pain and suffering.

27. As a direct and proximate result of her poisoning it is alleged that the minor child Grace will continue to endure physical and mental pain and suffering into the future.

28. As a direct and proximate result of her poisoning, the minor child Grace Castle's asthmatic symptoms reemerged and she must now adhere to a daily regime of medication.

5

29. As a direct and proximate result of her poisoning it is alleged that the minor child Grace will continue to require medical intervention into the future to treat her re-emergent asthmatic condition.

30. As a direct and proximate result of her poisoning the minor child Grace incurred medical and related expenses and it is alleged that she will continue to incur medical and related expenses into the future.

31. As a direct and proximate result of the poisoning of the minor child Grace, Plaintiff Johnson experienced extreme mental and emotional pain and suffering.

32. As a direct and proximate result of the poisoning of the minor child Grace, Plaintiff Johnson incurred medical and related expenses and it is alleged that she will continue to incur medical and related expenses into the future for the treatment of the minor child Grace.

33. As a direct and proximate result of the poisoning of the minor child Grace it is alleged that the Defendants have denigrated the value of the fractional share purchased by Plaintiff Johnson in March, 2009 and that as a result of the poisoning of her daughter, the minor child Grace, Plaintiff Johnson cannot enjoy the fractional share she purchased for fear of her safety and the safety of her dependants.

34. The conduct of the Defendants, their agents and employees, was so grossly negligent or reckless as to warrant the imposition of punitive damages.

35. The Plaintiffs demand a jury of twelve (12) to try this cause.

6

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, and each of them, pray the verdict of the jury and the judgment of the Court that they be awarded compensatory damages in the amount of not less than Seven Hundred Fifty Thousand Dollars ($750,000) and punitive damages in the amount of not less than Seven Hundred Fifty Thousand Dollars ($750,000), that the costs of this cause, including discretionary costs, be taxed against the Defendants, and for such other and further relief, general and equitable, as warranted by the Premises and as the interests of justice and equity demand.

RESPECTFULLY SUBMITTED,

KEITH L. EDMISTON, BPR 018366
*Attorney for the Plaintiffs*
THE RITCHIE LAW FIRM, P.C.
607 Market Street, Ste. 1100
Knoxville, TN 37902
(865) 524-5353
kedmiston@ritlaw.com

## SURETY BOND FOR COSTS

The undersigned acknowledges itself as surety for all costs incurred as a result of the filing of this Complaint.

THE RITCHIE LAW FIRM, P.C.

By:  Keith L. Edmiston

7

## IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE

GRACE CASTLE, a minor, by next ]
friend and mother, Jerelene Johnson; and ]
JERELENE JOHNSON, individually, ]
]
     Plaintiffs ]
]
       -vs- ]
]
WYNDHAM HOTELS AND RESORTS, LLC and ]
WYNDHAM VACATION RESORTS, INC. d/b/a ]
Wyndham Resort At Fairfield Glade, ]
]
     Defendants. ]

**JURY DEMANDED**

Civ. No: _CV005200_

DATE FILED_____ 3-26 20 10

_Larry V. Sherill_ PF

Circuit Court Clerk

### SUMMONS

**WYNDHAM HOTELS AND RESORTS, LLC**: You are hereby summoned and required to file with the clerk of this court and serve upon Keith L. Edmiston, Plaintiff's attorney, whose address is c/o The Ritchie Law Firm, P.C., Suite 1100, BankEast Building, 607 Market Street, Knoxville, Tennessee 37902, an answer to the Complaint on Sworn Account (the "Complaint") herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this $\underline{18}$ day of ____Feb____, 2010.

_Larry Sherrill_
Clerk

_Patty Farris_
Deputy Clerk

(00521649.1)

1

Case 2:10-cv-00037    Document 1-1    Filed 04/14/10    Page 8 of 11 PageID #: 12



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 If Restricted Delivery Is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyndham Hotels & Resorts
c/o Corporation Service Co.
2908 Poston Ave.
Nashville, Tn 37203

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?
If YES, enter delivery address below:    ☐ No

MAR 18 2010

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7009 0080 0000 0357 6742

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

exemption from
against you in this
under oath, of the
filed at any time
filed before the
ment issued prior
o not need to be
family and trunks
family Bible, and
recover them. If
wish to seek the

To the process server: Defendant **Wyndham Hotels and Resorts, LLC** may be served with process at Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## RETURN

I received this summons on the _____ day of _____, _____.
I certify and return that on the _____ day of _____, _____, I:
[✓] served this summons and complaint on defendant Wyndham Hotels & Resorts
in the following manner: First-class certified mail on registered agent for
Service of Process in Tennessee. USPS card return-receipt attached.

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____

_____

Process Server

{00521649.1}

2

## IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE

GRACE CASTLE, a minor, by next ]
friend and mother, Jerelene Johnson; and ]
JERELENE JOHNSON, individually, ]
                   ]    **JURY DEMANDED**
     Plaintiffs             ]
                   ]
      -vs-                ]    Civ. No: CV005200
                   ]
WYNDHAM HOTELS AND RESORTS, LLC and ]
WYNDHAM VACATION RESORTS, INC. d/b/a ]
Wyndham Resort At Fairfield Glade, ]    DATE FILED _____ 3-26 20 10
                   ]                         PF
     Defendants.          ]    *Larry V. Shull*

                **SUMMONS**      Circuit Court Clerk

**WYNDHAM VACATION RESORTS, INC.:** You are hereby summoned and required to file with the clerk of this court and serve upon Keith L. Edmiston, Plaintiff's attorney, whose address is c/o The Ritchie Law Firm, P.C., Suite 1100, BankEast Building, 607 Market Street, Knoxville, Tennessee 37902, an answer to the Complaint on Sworn Account (the "Complaint") herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 18 day of Feb , 2010.

                                 _Larry Sherrill_
                                     Clerk

                                 _Patty Farris_
                                     Deputy Clerk

{00521650.1}                                                 1

**TO THE DEFENDANT(S):**

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this ~~~~~~~~~~~~~ st, under oath, of the ~~~~~~~~~~~~~ y be filed at any time ~~~~~~~~~~~~~ t is filed before the ~~~~~~~~~~~~~ ishment issued prior ~~~~~~~~~~~~~ d do not need to be ~~~~~~~~~~~~~ ur family and trunks ~~~~~~~~~~~~~ he family Bible, and ~~~~~~~~~~~~~ t to recover them. If ~~~~~~~~~~~~~ nay wish to seek the ~~~~~~~~~~~~~

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyndham Vacation Resorts
C/o Corporation Service Co.
2908 Poston Ave.
Nashville, Tn 37203

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 18 2010

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7009 0080 0000 0359 6735

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

. may be served with N 37203.

## RETURN

I received this summons on the _____ day of _____, _____.
I certify and return that on the _____ day of _____, _____, I:
[✓] served this summons and complaint on defendant Wyndham Vacation Resorts
in the following manner: First-class Certified mail on registered agent for
Service of process in Tennessee. USPS return receipt attached.

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____

_____
Process Server

{00521650.1}